This Document Prepared By:
KRISTEN PETER
PNC MORTGAGE, A DIVISION OF PNC BANK,
NATIONAL ASSOCIATION
3232 NEWMARK DR
MIAMISBURG, OH 45342
(888) 224-4702

When Recorded Mail To:
FIRST AMERICAN TITLE
ATTN: LMTS
P.O. BOX 27670
SANTA ANA, CA 92799-7670

Tax/Parcel No. 0607004001540

_____ [Space Above This Line for Recording Data] _____

Original Principal Amount: $331,793.00
Unpaid Principal Amount: $312,498.47
New Principal Amount $237,274.47
New Money (Cap): $0.00

FHA\VA Case No.:703 541-7909847
Loan No: 0006029811

# LOAN MODIFICATION AGREEMENT (DEED OF TRUST)

### Tax Exempt per Virginia State Code 58.1-803D

This Loan Modification Agreement ("Agreement"), made this **12TH** day of **MARCH, 2013**, between **STEVEN G BRYAN A SINGLE MAN, JENNIFER WALKER A SINGLE WOMAN** ("Borrower") whose address is **825 STARDALE DR, CHESAPEAKE, VIRGINIA 23322** and **PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION** ("Lender"), whose address is **3232 NEWMARK DR, MIAMISBURG, OH 45342**, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated **JUNE 9, 2008** and recorded on **JUNE 11, 2008** in **BOOK 7515 PAGE 42**, of the **OFFICIAL** Records of **CHESAPEAKE CITY COUNTY, VIRGINIA**, and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

### 825 STARDALE DR, CHESAPEAKE, VIRGINIA 23322

FHA/VA HUD-HAMP Loan Modification Agreement 02272013_111
First American Mortgage Services

Page 1

0006029811

(Property Address)
the real property described being set forth as follows:

## SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **MAY 1, 2013**, the amount payable under the Note and the Security Instrument(the "Unpaid Principal Balance") is U.S. **$237,274.47**, consisting of the unpaid amount(s)loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender Interest will be charged on the Unpaid Principal Balance at the yearly rate of **3.5000%**, from **MAY 1, 2013**. Borrower promises to make monthly payments of principal and interest of U.S. **$ 1,065.47**, beginning on the **1ST** day of **JUNE, 2013**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. The yearly rate of **3.5000%** will remain in effect until principal and interest are paid in full. If on **MAY 1, 2043** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   (b) all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

FHA/VA HUD-HAMP Loan Modification Agreement 02272013_111
First American Mortgage Services

Page 2

0006029811

5. If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

In Witness Whereof, the Lender has executed this Agreement.

**PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION**

By EILEEN BURRALL _____ (print name) _____
    Authorized Representative    (title)                     Date

_____ [Space Below This Line for Acknowledgments] _____

LENDER ACKNOWLEDGMENT

State of _____

County of _____

The foregoing instrument was acknowledged before me this _____ (date) by EILEEN BURRALL, the AUTHORIZED REPRESENTATIVE of PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION, a

_____, corporation, on behalf of the corporation

_____
Notary Public

Printed Name: _____

My commission expires: _____

PNC MORTGAGE, A DIVISION OF PNC BANK, NATIONAL ASSOCIATION
3232 NEWMARK DR
MIAMISBURG, OH 45342